IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PROTIMA CHAKRABARTY,

    Plaintiff,

    v.

WAL-MART STORES, INC. and
WAL-MART ASSOCIATES, INC.
d/b/a SAM'S CLUB,

    Defendants.

CIVIL ACTION NO.
1:08-CV-3936-JTC

## O R D E R

Pending before the Court is the Magistrate Judge's Final Report and Recommendation [# 9] and Plaintiff's Objections [# 10].  Plaintiff brought this action against Defendants in the Superior Court of Cobb County, Georgia alleging federal employment discrimination and retaliation claims based on race and national origin, as well as several state law claims.  Non-party Sam's East, Inc. removed this action to this Court.  Subsequently, Plaintiff moved to remand and sought an award of its attorney's fees incurred as a result of the improper removal of the action.  After conducting a hearing, the Magistrate Judge recommends granting the motion to remand because only non-party Sam's East, Inc. filed a notice of removal and none of the named Defendants

joined or consented to removal.  In addition, the Magistrate Judge recommends denying Plaintiff's request for attorney's fees and costs.

Neither party filed objections to the portion of the Magistrate Judge's Report and Recommendation recommending remanding this case back to the Superior Court of Cobb County.  Plaintiff, however, objects to the portion of the Report and Recommendation denying Plaintiff an award of costs and fees incurred as a result of removal.  Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a careful, de novo review of the portions of the Magistrate Judge's Report and Recommendation to which Plaintiff objected.  The Court has reviewed the remainder of the Magistrate Judge's Report and Recommendation for plain error.

## I.    Analysis

When a district court enters an order remanding a case, the court "may require payment of just costs and any expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005).  It is undisputed that Plaintiff attempted to bring federal

employment discrimination claims against her employer, Sam's Club. Although not a party to this action, Defendants contend that non-party Sam's East, Inc. is the proper Defendant to this action.  As the Magistrate Judge explained in the Report and Recommendation, "[a]lthough Plaintiff's civil action undisputedly could have been removed to this court on the basis of federal question jurisdiction, defense counsel improperly executed this effort." (R&R at 12.)  Although counsel should have taken the proper steps to execute removal in this case,  federal question jurisdiction under Section 1331 provided Sam's East, Inc. with an "objectively reasonable" basis for seeking removal.  Accordingly, an award of costs and expenses is not warranted in this case.  The Court **ADOPTS** the Report and Recommendation [# 9] as the opinion of this Court and **OVERRULES** Plaintiff's Objections [# 10].

## II.    Conclusion

The Court **ADOPTS** the Report and Recommendation [# 9] as the opinion of this Court and **OVERRULES** Plaintiff's Objections [# 10]. The Court **GRANTS** Plaintiff's Motion to Remand [# 3] and **REMANDS** this case to the Superior Court of Cobb County, Georgia.  The Court **DENIES** Plaintiff's request for an award of attorney's fees and costs [# 3].  The Court **DIRECTS** the Clerk to **CLOSE** this case.

3

**SO ORDERED**, this ___28th___ day of April, 2009.

_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE